899 F.2d 1222
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gordon W. SEE, Plaintiff-Appellant,
v.
Martin E. JOHNSTONE, Judge, Defendant-Appellee.
 No. 89-6130.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1990.
 
 Before MERRITT, Chief Judge, KRUPANSKY and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Gordon W. See, a pro se Kentucky prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1985, See was convicted of multiple counts of sodomy and rape, and was sentenced to life imprisonment followed by a consecutive forty year term. In 1988, the Kentucky Supreme Court affirmed the judgment in part and vacated and remanded the judgment in part. The remand is presently pending in the Jefferson County, Kentucky trial court.
 
 
 3
 Thereafter, See filed the instant complaint against Johnstone, the judge who presided over his trial, alleging that "Judge Johnstone made promises to witness [sic] before trial saying they could be called to testafiy [sic] only one time." See sought monetary relief, and "that this action be preserved for 2254 action." The district court sua sponte dismissed the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d), finding that the complaint was not cognizable under Sec. 1983 because the defendant enjoyed absolute immunity from a suit for damages. The court also found that it could not "preserve" the allegations in the complaint for purposes of a habeas petition because See had to first exhaust his state remedies.
 
 
 4
 On appeal, See reasserts his claim and has filed an informal brief. Defendant has notified the court that he will not be filing a brief.
 
 
 5
 Upon review, we affirm the district court's judgment. See essentially alleged that the defendant had contact with witnesses prior to trial. Even if this allegation were proven true, defendant would still be immune from suit because the alleged act occurred while the defendant was presiding over a criminal trial. Thus, it was a judicial function to which absolute immunity attached. See Forrester v. White, 484 U.S. 219, 224 (1988); Stump v. Sparkman, 435 U.S. 349, 356-59 (1978). Moreover, See's complaint cannot be considered as a habeas petition because the case is still pending in the Kentucky courts.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.